ANNA M. DOERR, ADMINISTRATRIX *AD PROSEQUENDUM* OF STEPHEN G. DOERR, DECEASED, CLAIMANT-APPELLANT, v. STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 20, 1974—Decided July 2, 1974.

Before Judges Collester, Lynch and Michels.

*Messrs. Supnick and Milnick,* attorneys for appellant (*Mr. Charles A. Cohen* on the brief).

*Mr. William F. Hyland,* Attorney General, attorney for respondent (*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. Robert C. Leventhal,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

Lynch, J. A. D. This is an action pursuant to the compensation provisions of the Military and Veterans Law (*N. J. S. A.* 38A:13–1 *et seq.*). It is brought on behalf of the widow and daughter of Sergeant Stephen G. Doerr, a member of the New Jersey National Guard, who died as a result of an explosion of one or more dud rounds of ammunition at Camp Pickett, Virginia, during Doerr's two week stint in the National Guard service. The claim filed alleged that decedent suffered his death "in line of duty" and therefore compensation was payable to his dependents as provided in the statute.

The pertinent statute, *N. J. S. A.* 38A:13–1, provides that injury or death is compensable if it was incurred "in the performance of duty ordered by competent authority, and such injury, disease or disability is determined to be in line of duty * * *." It further provides:

As used in this chapter "in line of duty" means that the injury, disease, disability or death has been sustained in the discharge of duty and is not due to any voluntary act or traceable to willful neglect, fault or his own vicious habits.

Following the statutory procedure (*N. J. S. A.* 38A:13–4), a board of five officers was appointed to inquire into the merits of the claim. Following a hearing the board reported its findings and conclusions by a divided vote of 3 to 2, the majority concluding that the death did not arise "out of and in the course of employment."[1] The claim was therefore rejected. The minority, concluding that the accident occurred "in the course of employment, and was not due to willful neglect," would have allowed the claim. Pursuant to the statute (*N. J. S. A.* 38A:13–4), the chief of staff reviewed the respective findings and approved the majority report.

On Saturday, August 19, 1972, while at Camp Pickett, Sergeant Doerr in the company of Privates First Class Kuhn, Havrilchak and Hughes, went to the firing range area, intending to pick up parachutes from artillery illumination rounds. Because the range was active, no attempt was made to pick up parachutes and the party returned to the motor pool to which they were attached.

---

[1] This phrase, relevant in workmen's compensation cases, is not the statutory language here. Under *N. J. S. A.* 38A:13–1 the death is compensable if incurred "in line of duty." However, we perceive no material distinction in the different language. *Cf. Cuna v. Avenel Bd. of Fire Com'rs*, 42 *N. J.* 292, 298–303 (1964), holding that, as to compensation for volunteer firemen "the expression 'in line of duty' is no less comprehensive than 'out of and in the course of employment.'" (at 303).

On Sunday, August 20, 1972, Sergeant Doerr and Privates First Class Kuhn and Havrilchak returned to the range area, but Private First Class Hughes did not join them. While they were in the range area, there was an explosion of one or more dud rounds (3.5″ rockets, 40 mm. grenades, or possibly rifle grenades), resulting in the deaths of Doerr, Kuhn and Havrilchak.

The majority concluded that decedent was in the firing range to collect souvenirs; that to do so

* * * could not be considered as reasonably incident to employment as a motor sergeant in the New Jersey Army National Guard. Further, that the impact area was not a place that Sergeant Doerr might reasonably be expected to be on a Sunday during the Annual Training of his unit. It was believed that Sergeant Doerr at the time of his death was not engaged in a work-connected activity within the reasonable contemplation of his employer. Testimony shows that such an activity was not authorized by his commanders. These members could not accept the premise that doing what he was doing or being where he was at the time of his death was a very natural activity for travelers or tourists away from home.

The majority also concluded that Doerr's death was traceable to willful neglect because:

a. Sergeant Doerr was present in the impact area of a firing range, knowing it was an impact area, was the leader in the activity, and in so doing exhibited a reckless disregard for his own personal safety as well as the safety of others;

b. Evidence shows that Sergeant Doerr was engaged in collecting some type of ammunition souvenirs while in the impact area despite the inherent dangers of such activity. Whether he had specific knowledge of the type of ammunition involved could not be determined; however, as a soldier of about nine years, including membership on a rifle team, it must be presumed that he had a general knowledge of the dangerous qualities of ammunition to be found in an impact area. His act of handling rounds found in the impact area, or permitting these actions by subordinates, indicates reckless conduct which endangered his safety as well as the safety of others.

The minority held that since the National Guard had brought Sergeant Doerr to an area away from home, the State should be responsible for the death which occurred

while he was on the trip, even though, at the particular moment, he was doing something not strictly in the line of duty. The minority cited *Cavalcante v. Lockheed Electronics Co.*, 85 *N. J. Super.* 320 (Cty. Ct. 1964), aff'd 90 *N. J. Super.* 243 (App. Div. 1966), in the analogous area of workmen's compensation. The minority also concluded that there was no evidence of reckless or wanton disregard of the consequences of entering the target area and therefore he was not guilty of such "willful neglect" as would preclude compensation under *N. J. S. A.* 38A:13–1.

While it is true that Sergeant Doerr was on free time on Sunday, August 20, 1972, the training for the first week having ended after the noon meal on Saturday, August 19, we nevertheless feel that his death occurred in "line of duty" under the liberal approach which should be adopted here, as it is under the Workmen's Compensation Act, including public employees, volunteer firemen, first-aid and rescue squad workers. *N. J. S. A.* 34:15–43; *Cuna v. Avenel Bd. of Fire Com'rs*, 42 *N. J.* 292 (1964). There it was held that the phrase "line of duty," as it applies to compensation for a volunteer fireman, is to be liberally construed and thus compensation was awarded to such a fireman for injuries suffered while playing softball on his fire company's team. We consider that the service of a national guardsman requiring two weeks away from home, as in this instance, is of such dedication to public duty as to warrant liberal interpretation of the statute here involved.

Under the Workmen's Compensation Act, an accident arises out of the employment if it results from reasons reasonably incidental to employment. An accident arises in the course of employment if it occurs "while the employee is doing what a man so employed may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time." *Bryant, adm'x v. Fissell*, 84 *N. J. L.* 72, 77 (Sup. Ct. 1913). See also, *Bergman v. Parnes Brothers, Inc.*, 58 *N. J.* 559 (1971).

In *Cavalcante v. Lockheed Electronics Co., supra,* petitioner was employed by respondent as an electronics technician in Plainfield. He volunteered for a special project of a temporary nature in New London, Connecticut. He received his normal salary and all expenses from respondent. After working one day he sought relaxation, ate, drank and went to a dance hall. On the way back to the motel petitioner's car went off the road and he was killed. The Workmen's Compensation Division, County Court and Appellate Division all found that the accident arose out of and in the course of decedent's employment. It was held that the standard by which to judge whether the activity of the workman at the time of the accident was in the course of his employment was reasonableness, *i. e.,* whether it was reasonably related to the employment. In the case of an employee traveling on business what is "reasonable" is given a very liberal construction (85 *N. J. Super.* at 325). The court held that it was reasonable for Cavalcante and his associates to seek diversion and relaxation in town, and rejected the employer's contention that immediately upon having their dinner and returning to their motel any mishap that might befall them thereafter at another place was not work connected.

In *Foerster v. Keansburg Fire Dept.,* 84 *N. J. Super.* 324 (App. Div. 1964), a volunteer fireman died of a heart attack after participating in the preparation of the festivities of special Memorial Day exercises conducted by the fire department. The court held that he died in the line of duty.

 While Sergeant Doerr had no scheduled military duties on the Sunday of his death, he nevertheless was in a "duty status and pay status at the time of accident," as the board found. He and other members of his unit had been urged to use the weekend to engage or participate in group activities for which facilities were available, or to take trips to not too distant places. We do not consider that in seeking souvenirs, petitioner and his fellow-guardsmen deviated too far from that suggestion. We agree with the conclusion

of the minority of the board that an employer who brings employees to an area far from their home has a responsibility which may go beyond the responsibility which the employer would have if the employees were stationed at the regular place of employment where they would have access to usual and familiar type of recreation during their off-duty hours. We conclude that, in the light of the liberal construction mandated; decedent suffered his death from a risk reasonably incidental to his employment and while he was doing what a man so employed may reasonably do within the time during which he is employed and at a place where he may reasonably be during that time. *Bergman v. Parnes Brothers, Inc., supra; Bryant, adm'x v. Fissell, supra.*

One distinction between the Workmen's Compensation Act and *N. J. S. A.* 38A:13-1 *et seq.* is that the latter imposes a defense of "willful neglect" against petitioner while the former does not. We disagree with the majority report of the board in finding willful neglect on decedent's part in this instance. As the board admitted, there was no direct proof that decedent knew of the warning concerning the range area which was said to have been given. Nor is there any proof as to the exact nature of that warning, whether it was merely to "be careful" or of a different degree. We consider "willful neglect" to be different than what would amount to contributory negligence in a negligence case. While it might be said that there was sufficient proof to find decedent guilty of contributory negligence, that concept is irrelevant and is no defense to this action. Certainly it cannot be said that he intended that the unfortunate accident should have occurred nor is there any proof that he was aware of the possibility of explosion. Again, in the light of the liberal construction which was required, we conclude that decedent was not guilty of such willful neglect as would deny relief under this statute.

The order of the chief of staff denying the within claim is reversed. The matter is remanded to that officer for computation of the benefits allowable. We do not retain jurisdiction.